UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

MARCUS INGRAM, Individually,      :
                                  :
          Plaintiff,              :
                                  :
v.                                :   Case No.
                                  :
PEACHLAND INVESTMENT GROUP,       :
LLC                               :
A Limited Liability Company       :
                                  :
          Defendant.              :
_____/

## **COMPLAINT**

Plaintiff, Marcus Ingram (hereinafter "Plaintiff"), hereby sues the Defendant,

Peachland Investment Group, LLC, a Limited Liability Company (hereinafter

"Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, costs

and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et

seq. ("ADA"). In support thereof, Plaintiff states:

1.     This action is brought by Marcus Ingram, pursuant to the enforcement

provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C.

12188(a) against the owners and/or operators of the Fairington Shopping center.

2.     This Court has jurisdiction pursuant to the following statutes:

1

a.      28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c.      28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.      Venue is proper in this judicial district and division. Defendant does business in the State of Georgia, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.      Plaintiff Marcus Ingram is a resident of Atlanta, Georgia, uses a wheelchair due to paraplegia, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.1046.

5.      Plaintiff Marcus Ingram is substantially limited in performing one or more major life activities, including but not limited to, walking.

6.      Plaintiff Marcus Ingram resides in close proximity to the property in question and frequently visits such property.

7.      Plaintiff Marcus Ingram is a frequent patron at the Fairington Shopping center at 2984 Panola Road, Lithonia GA.

8.      The Fairington Shopping center is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9.      Defendant owns, leases, leases to, or operates the Fairington Shopping center, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10.     Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11.     Plaintiff was a patron at the Fairington Shopping center on or about November 17, 2022.

12.     Plaintiff has returned to the property since then and has definite plans to return the property again in March 2023, to avail himself of the goods and services offered to the public at the property but for the barriers in existence that deter him from doing so.

13.     There are numerous architectural barriers present at the Fairington Shopping

center  that prevent and/or restrict access by Plaintiff, in that several features,

elements, and spaces of the Fairington Shopping center are not accessible to or

usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for

Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

14.     Plaintiff, upon visiting the property, personally suffered discrimination

because of his disability.

15.     There are several elements and spaces that Plaintiff personally encountered

and which discriminated against him based upon him disability, such as:

     a.     The designated accessible parking area is in disrepair.

     b.     The designated accessible parking area is not level.

     c.     There are curb ramps that extend into the access aisles.

     d.     The accessible route by the insurance company is excessively steep.

     e.     There are no handrails along the excessively steep accessible route.

     f.     There are accessible parking spaces that lack an access aisle.


16.     The discriminatory violations described in paragraph 15 of this Complaint

are not an exclusive list of the Defendants' ADA violations. The Plaintiff, and all

other mobility-impaired individuals similarly situated have been denied access to,

and have been denied the benefits of, services, programs and activities of the

Defendant's buildings and facilities, and have otherwise been discriminated against

and damaged by the Defendants because of the Defendant's ADA violations, as set

forth above.

17.     The Plaintiff will continue to suffer such discrimination, injury and damage

without the immediate relief provided by the ADA as requested herein. The

Plaintiff has been denied access to, and has been denied the benefits of services,

programs and activities of the Defendant's buildings and its facilities, the

opportunity to use such elements, and have otherwise been discriminated against

and damaged by the Defendants because of the Defendant's ADA violations, as set

forth above.

18.     Plaintiff has standing to sue for every barrier to access for the mobility-

impaired that exists on the subject premises. Marcus Ingram has standing to require

that all barriers to access on the property for the mobility-impaired are corrected,

not merely only those Marcus Ingram personally encountered.

19.     Defendants' failure to remove the architectural barriers identified in

paragraph sixteen (16) constitutes a pattern or practice of discrimination within the

meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

20.     It would be readily achievable for the Defendant to remove the architectural

barriers identified above.

21.     Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for its place of public

accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in

the alternative, if there has been an alteration to Defendant's place of public

accommodation since January 26, 1992, then the Defendant is required to ensure to

the maximum extent feasible, that the altered portions of the facility are readily

accessible to and useable by individuals with disabilities , 28 CFR 36.402; and

finally, if the Defendant's facility is one which was designed and constructed for

first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then

the Defendant's facility must be readily accessible to and useable by individuals

with disabilities as defined by the ADA.

22.     The Defendant has discriminated against Plaintiff by denying him access to,

and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §

12182 et seq. and 28 CFR 36.302 et seq

23.     Defendant continues to discriminate against the Plaintiff by failing to make

reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24.     Marcus Ingram has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

25.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

26.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to make the

property readily accessible and useable to the Plaintiff and all other persons with

disabilities as defined by the ADA; or by closing the facility until such time as the

Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, Ga. Code Ann. §51-3-

1, and GA. Code Ann. §51-1-6.

   i.     by failing to bring the Fairington Shopping center into

   compliance with the Standards where it is readily achievable to do so;

   and

   ii.     by failing to take other readily achievable measures to remove

   architectural barriers to access when it is not readily achievable to

   comply fully with the Standards.

B.     Order Defendant:

   i.     to make all readily achievable alterations to the facility; or to

   make such facility readily accessible to and usable by individuals with

   disabilities to the extent required by the ADA;

ii.     to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered

goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities.

C.     Award attorney's fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205.

D.     Award damages to Plaintiff.

E.     Order such other appropriate relief as the interests of justice may

require.

Respectfully Submitted,

By: */s/ Pete M. Monismith*
Pete M. Monismith
Georgia Bar 941228
Attorney for Plaintiff
3945 Forbes Ave., #175
Pittsburgh, PA 15213
(tel) 724-610-1881
(fax) 412-258-1309
pete@monismithlaw.com

9

**Font Certification**

I certify that I prepared this document in 14 point Times New Roman font

and complied with the margin and type requirements of this Court.

/s/ Pete Monismith
Pete Monismith